THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICOASHA NICHOLSON,

    Plaintiff,                                CASE NO.

v.

STONELEIGH RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, NICOASHA NICHOLSON ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, STONELEIGH RECOVERY ASSOCIATES, LLC, alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the County of Duval, City of Jacksonville, and State of Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the Lombard, Illinois.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls seeking and demanding payment for an alleged consumer debt owed on a Discover card.

12. Defendant used abusive and profane language in attempting to collect the debt from Plaintiff. Defendant stated "these people don't care about you, you need to give us a payment now" while seeking and demanding payment.

13. Defendant threatened to adversely impact Plaintiff's credit report while seeking and demanding payment for an alleged consumer debt.

14. Defendant failed to properly identify themselves when seeking and demanding payment for an alleged consumer debt.

15. Defendant failed to send Plaintiff a debt validation letter regarding the alleged debt.

///
///

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the necessary consequence of which is to harass, oppress, and abuse Plaintiff.

c) Defendant violated *§1692d(2)* of the FDCPA by using abusive and profane language in an attempt to collect a consumer debt.

d) Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring and engaging Plaintiff in telephone conversations repeatedly.

e) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

f) Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

g) Defendant violated *§1692e(2)* of the FDCPA by falsely representing the character, amount, and/or legal status of a debt.

h) Defendant violated *§1692e(8)* of the FDCPA by threatening to communicate false credit information, including the failure to communicate that a debt is disputed.

i) Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect and alleged debt.

j) Defendant violated *§1692f* by engaging in unfair an unconscionable means to collect the alleged consumer debt.

k) Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

18. Actual damages.

19. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

21. Any other relief that this court deems to be just and proper.

///
///
///
///
///
///

                                                              RESPECTFULLY SUBMITTED,

                                                              KROHN & MOSS, LTD

DATED: October 6, 2009          By: ___/s/Matthew Kiverts_____
                                                          Matthew Kiverts, Esq.
                                                          Krohn & Moss, Ltd
                                                          120 W Madison St, 10th Floor
                                                          Chicago, IL 60602
                                                          Phone:  (312) 578-9428 ext. 203
                                                          Fax:    (866) 431-5576
                                                          Attorney for Plaintiff,
                                                          NICOASHA NICHOLSON
                                                          FBN: 0013143

## **DEMAND FOR JURY TRIAL**

     PLEASE TAKE NOTICE that Plaintiff, NICOASHA NICHOLSON, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, NICOASHA NICHOLSON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, NICOASHA NICHOLSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/24/09

_____
NICOASHA NICHOLSON,
Plaintiff